UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 3:96CR190(AHN) |
| | : | |
| v. | : | |
| | : | |
| JOSEPH VEGA BURGOS | : | JULY 8, 2008 |

### GOVERNMENT'S NOTICE REGARDING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)

On March 16, 1998, the defendant, Joseph Burgos, was sentenced to 150 months' imprisonment after a jury trial. He was convicted of Possession With Intent to Distribute Cocaine Base. The Court has ordered the Government to show cause why the defendant should not receive a sentence reduction based on Amendment 706 to the Sentencing Guidelines. This amendment applies retro-actively and generally reduces offenses regarding Cocaine Base ("crack") by two levels. Although the amendment applies to the defendant, the Government requests the Court use its discretion and leave the sentence unchanged.

## I.   BACKGROUND

The charges in the instant offense resulted from the events on January 8, 1996. On that day the Bridgeport Police responded to an emergency call about an assault in progress. *See* PSR ¶ 4. When the officers arrived they found Albert Gebeau mopping up blood from his apartment floor, and the officers also found blood throughout the apartment. *See* PSR ¶ 5. Gebeau told the officers that it was he who made the emergency call. *Id.* He did so after waking up to find the defendant holding a knife to the defendant's minor girlfriend, who was bleeding from cuts on her face. *Id.* The girlfriend was 16 years at the time; the defendant was 28, and both the defendant and the girlfriend had been staying with Gebeau for a few days along with the minor girl's baby. *Id.* After the

defendant told him to leave, Gebeau ran from the apartment and called the police. *Id*. Gebeau told police that he saw the defendant, the girl, and the baby leave in the defendant's car and gave a description of the car and the motel where he believed the defendant would stay. *See* PSR ¶ 6.

When officers arrived at the motel, they found the defendant armed with a knife in his pants pocket and another bloodstained knife in his jacket. *See* PSR ¶ 10. He was immediately arrested and the girl and baby were transported to a hospital. *See* PSR ¶ 9. While officers were transporting the defendant to Bridgeport, the defendant claimed that Gebeau had beaten his girlfriend with a bat and had chased him and the girl out of the apartment. *See* PSR ¶ 12. When the police interviewed the victim, initially she too claimed that Gebeau had assaulted her. *See* PSR ¶ 14. Upon a second interview, the girl admitted that it was indeed her boyfriend who had cut her face several times and that this was not the first instance of abuse. *See* PSR ¶ 15. She admitted that in December of 1995 the defendant had stabbed her in the hand with a knife. *See* PSR ¶ 16. She also said that in early January, 1996, the defendant had cut her hair off with a piece of broken glass, and then with that glass he carved his nickname "Joey" into her chest, leaving a permanent scar. *Id*. She then described the assault on January 8, 1996. The defendant first threw an air conditioner at the girl and hit her in the leg. *See* PSR ¶ 17. The defendant then beat the girl's face and body with his fists, after which the defendant forced a doorknob inside the girl's vagina. *Id*. The defendant then took a knife and slashed the girl's head, both sides of her face, and her neck as well. *Id*. To finish off, the defendant sliced off one of the girl's nipples and forced her to eat it. *Id*.

While processing the defendant after his arrest, the police found crack cocaine in his personal effects. *See* PSR ¶ 13. In addition, when the police interviewed the girl about the assault, she told them where the defendant had concealed more crack in the motel room. *See* PSR ¶ 18. The police

2

found the concealed drugs, and the total amount found was 15.27 grams, at least some of which the defendant intended to distribute as it was found in 50 small plastic bags. *See* PSR ¶¶ 13 and 20.

The defendant was prosecuted federally and convicted for Possession With Intent to Distribute Cocaine Base. The base offense level at that time was 26 for the amount of crack attributed to the defendant. The defendant was assigned a criminal history category of VI, and the Guideline range was 120-150 months. The Court sentenced the defendant to the Guideline maximum 150 months' imprisonment, which he was to serve concurrent to his 60 year sentence in the state for the assault described above. If the Court does grant the defendant's motion, the new Guideline range will be 100-125 months.

## II.    **DISCUSSION**

The defendant is correct that Amendment 706 reduced the Guideline range applicable in his case, and therefore the Court may consider whether to reduce his sentence. Specifically, the base offense level in this case is now 24, pursuant to amended Section 2D1.1. At the established criminal history category of VI, this would result in a sentencing range of 100-125 months. This is a reduction from the previously applied range of 120-150 months.

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced.

*United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).[1]  *See, e.g., United States v. Reynolds*, 2008 WL 2367254 (S.D. W. Va. June 9, 2008) (motion denied because defendant's criminal conduct was "nothing short of egregious"); *United States v. Stevenson*, 2008 WL 1840758 (S.D. Ohio Apr. 22, 2008) (Court in its discretion denies reduction despite eligibility under amendment, based on two disciplinary infractions in prison, and lengthy criminal record); United States v. Melton, 2008 WL 1787045 (W.D.N.C. Apr. 17, 2008) (denial based on nature of offense); *United States v. Craig*, 2008 WL 1775263 (W.D.N.C. Apr. 15, 2008) (denial based on the facts of the case); *cf. United States v. Sifford*, 2008 WL 2048387 (W.D.N.C. May 13, 2008) (in exercise of the Court's discretion, it affords only a partial reduction, in light of the defendant's record).

Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. *Id.* app. note 1(B)(I); *see also* U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.").  All Courts are in accord on this point.  *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997); *United States v. Coohey*, 11 F.3d 97, 101 (8th Cir. 1993); *United States v. Wales*, 977 F.2d 1323, 1327-28

---

[1]  In *Vautier*, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors.  The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines."  *Vautier*, 144 F.3d at 759.

(9th Cir. 1992); *United States v. Mueller*, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." *Vautier*, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." *Vautier*, 144 F.3d at 760. Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." *Id.*[2]

Subject to the limits set forth in Section 1B1.10(b), to be discussed below, the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public

---

[2] The Eighth Circuit has also endorsed and explained at length this two-step procedure. *United States v. Hasan*, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc), *citing United States v. Wyatt*, 115 F.3d 606 (8th Cir. 1997).

In *United States v. Legree*, 205 F.3d 724, 728 (4th Cir. 2000), the Court stated that it disagreed with the need for or utility of the two-step method. However, the essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record. The Court did not criticize the underlying proposition that a trial court in fact should consider the Guideline range as affected only by the Guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.

safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative.  Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."  Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

If this Court decides to reduce the sentence, the extent of the reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced.  *See* 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u).  The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-Guideline sentence, which was not the case here), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)."  U.S.S.G. § 1B1.10(b)(2)(A).  An application note adds:  "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement.  Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)."

6

U.S.S.G. § 1B1.10 app. note 3.[3]  Thus, the Court may not reduce the sentence below the range

provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced

below time served."  U.S.S.G. § 1B1.10 app. note 3.[4]

      In the instant case, the Government asks that the Court use its discretion and leave the

sentence unchanged. Considering the circumstances of the instant offense and the defendant's

background, the defendant is not a worthy candidate for the Court's discretion to reduce the previous

sentence. The defendant perpetrated horrific acts of violence including sexual violence against his

minor girlfriend. These acts were part of a pattern of violence the defendant inflicted on this young

girl, and this was not an isolated incident. The defendant was previously arrested after assaulting

another girlfriend who had to jump from the defendant's car to escape him. *See* PSR ¶ 40. Prior to

the instant offense, the defendant underwent a psychological examination while incarcerated in

Pennsylvania, which exam report ominously stated, "When confronted with stressful situations, this

---

[3]  Application note 3 provides an example of this rule:

For example, in a case in which: (1) the guideline range applicable to the defendant at the
time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed
was 41 months; and (3) the amended guideline range determined under subsection (b)(1)
is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a
term less than 30 months.

[4]  Application note 4(B) states that if the prohibition in subsection (b)(2)(C) relating to
time already served precludes a reduction in the term of imprisonment to the extent the Court
determines otherwise would have been appropriate as a result of the amended Guideline range
determined under subsection (b)(1), the Court may consider any such reduction that it was unable
to grant in connection with any motion for early termination of a term of supervised release under
18 U.S.C. § 3583(e)(1).  That issue is not ripe, however, with regard to a current prisoner.  A
court may not reduce a term of supervised release under a motion pursuant to Section 3582(c)(2).
The matter must await a motion under Section 3583(e)(1) filed "at any time after the expiration
of one year of supervised release," addressing "the conduct of the defendant released."  18 U.S.C.
§ 3583(e)(1).  *See United States v. Guess*, 541 F. Supp. 2d 399 (D. Me. 2008) (extensive
analysis).

poorly controlled and easily frustrated individual is likely to react by engaging in substance abuse or may aggressively act out" and "this individual . . . can be expected to exploit any window of opportunity he perceives. Socially, relationships are superficial and reflect a manipulative propensity towards others, an impaired empathy, and feelings of entitlement." *See* PSR ¶ 59. The defendant has proved that he indeed is prone to violence and manipulation, as evidenced by the girl's initial unwillingness to identify her boyfriend as her assailant. The defendant is a danger to society in general and to women especially. He has shown repeatedly that he cares little, if at all, for other people, even those who are closest to him, and he has shown that the well-being and safety of others are subservient to his desires. He is willing to take underage, immature women and dominate them with intimidation and gruesome violence to satisfy his wishes. Although the defendant is serving a sentence in the state system for his violent acts, these acts and his background should exclude him from benefits of the Court's discretion.

Additionally, any reduction of the defendant's sentence would be moot. He is serving a 60 year sentence in a state prison, which sentence is concurrent to the sentence in the instant offense. Whether or not the Court reduces the defendant's sentence, the defendant will be incarcerated long after the sentence in the instant offense terminates. Considering that any reduction would have no practical effects, it is appropriate for the Court to deny any reduction.

## III.   <u>CONCLUSION</u>

For the reasons discussed above, the defendant's Section 3582 motion for a reduction of his sentence pursuant to Amendment 706 should be denied. If, however, the Court decides to reduce the defendant's sentence, the Government requests that the new sentence imposed be at the top of the new applicable range, namely, 125 months.  A reduction to the top of the new Guideline range in

appropriate in light of the defendant's conduct in this case, and would be consistent with the Court's

prior imposition of a term of imprisonment of 150 months, which was the top of the previously

applicable Guideline range of 120 to 150 months.

Respectfully submitted,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY


ALINA P. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
915 LAFAYETTE BOULEVARD ROOM 309
BRIDGEPORT, CT   06604
(203) 696-3000
Federal Bar Number CT14968

9

## <u>CERTIFICATION</u>

This is to certify that a copy of the within and forgoing was mailed this 8th day of July, 2008 to:

Joseph Burgos

Inmate #130135

MacDougal/Walker Correctional Institute

1153 East Street South

Suffield, Connecticut   06080


Robert E. Bouffard

United States Probation Officer

United States Probation Office

Connecticut Financial Center

157 Church Street 22nd Floor

New Haven, Connecticut   06510


Ray Lopez

Senior United States Probation Officer

United States Probation Office

915 Lafayette Boulevard

Bridgeport, Connecticut   06604




ALINA P. REYNOLDS

ASSISTANT UNITED STATES ATTORNEY

10